## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHAEL LYNN,

      Plaintiff,                        CASE NO.: 1:19-cv-00039

v.                                   HON. PAUL L. MALONEY

CITY OF LANSING,

      Defendant.

| SCOTT P. BATEY (P54711) | RHONDA R. STOWERS (P64083) |
|---|---|
| BATEY LAW FIRM, PLLC | PLUNKETT COONEY |
| Attorney for Plaintiff | Attorney for Defendant |
| 30200 Telegraph Road, Suite 400 | Plaza One Financial Center |
| Bingham Farms, MI  48025 | 111 E. Court Street – Suite 1B |
| (248) 540-6800 | Flint, MI  48502 |
| (248) 540-6811 fax | (810) 342-7003 |
| sbatey@bateylaw.com | (810) 232-3159 – fax |
| | rstowers@plunkettcooney.com |

## DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, JURY RELIANCE AND AFFIRMATIVE DEFENSES

NOW COMES, Defendant, the City of Lansing, by and through its attorneys, Plunkett Cooney, and in response to Plaintiff's Second Amended Complaint against Defendant, hereby states as follows:

1.     Plaintiff, Michael Lynn, is a resident of the City of Lansing, County of Ingham and State of Michigan.

**Answer 1:   In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

2.     Defendant, City of Lansing (hereinafter "Lansing") is a governmental entity duly authorized to do business in the County of Ingham and State of Michigan.

**Answer 2:  In response to this paragraph, no contest.**

3.     Jurisdiction and venue are proper in the District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

**Answer 3:   In response to this paragraph, Defendant does not contest that jurisdiction is proper and that venue is proper pursuant to 28 USC §1391(b) & (c).**

4.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

**Answer 4:   In response to this paragraph, Defendant does not contest that Plaintiff may be seeking this amount, but denies as untrue that it is liable for this amount.**

5.     Plaintiff brings this action for damages arising out of the acts and/or   omissions   of   Defendant   constituting   unlawful   racial

2

discrimination/harassment and retaliation in violation of First Amendment of the United States Constitution and 42 U.S.C. §1983, the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983, Title VII, 42 U.S.C. §1981 and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. which resulted in emotional and economic damages to Plaintiff.

**Answer 5: In response to this paragraph, Defendant does not contest that plaintiff filed this action alleging purported claims as indicated, but denies as untrue the allegations of wrongful conduct and further denies as untrue that any conduct of this defendant resulted in emotional and economic damages to plaintiff.**

## GENERAL ALLEGATIONS

6.    Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

**Answer 6: Defendant incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.**

7.    Plaintiff is an African-American make who began his employment with Defendant, Lansing on September 28, 2014 as a firefighter with the Lansing Fire Department ("Fire Department").

**Answer 7: In response to this paragraph, this allegation is denied as untrue in the form and manner pled.**

3

8.    Plaintiff was hired as part of a program that Defendant was running to achieve diversity within members of the Fire Department.

**Answer 8:   In response to this paragraph, Defendant denies this allegation as untrue.**

9.    Upon information and belief, in effort to achieve diversity within the Fire Department, Defendant Lansing changed qualifications needed to be considered for employment within the Department.

**Answer 9:   In response to this paragraph, Defendant denies this allegation as untrue.**

10.    The change in qualifications caused current non-minority members of the Department to become resentful and hostile to Plaintiff and other employee, firefighters hired under the initiative.

**Answer 10:   In response to this paragraph, Defendant denies this allegation as untrue.**

11.    As a result of the diversity program racial tension within the Department became visible and the work environment became increasingly hostile towards minorities including Plaintiff.

**Answer 11:   In response to this paragraph, Defendant denies these allegations as untrue.**

4

12.    Plaintiff was constantly being targeted due to his race and creating a hostile work environment.

**Answer 12:   In response to this paragraph, Defendant denies these allegations as untrue.**

13.    From the start of his employment Plaintiff was met with disdain and contempt by Caucasian firefighters who made daily comments about Plaintiff's race and qualifications and interfered with his ability to do his job that was targeted directly at Plaintiff by stating "we shouldn't be hiring EMS" all of whom were African-American and "we shouldn't be hiring untrained" all of whom were African-American hired to promote diversity with the Fire Department.

**Answer 13:   In response to this paragraph, Defendant denies these allegations as untrue.**

14.    Plaintiff followed Defendant's policy and engaged in a protected activity under the First Amendment of the United States Constitution and Title VII and made numerous verbal complaints to upper management that he was being discriminated against and harassed due to his race but nothing was done to stop the harassment or discrimination.

**Answer 14:  In response to this paragraph, these allegations contain a purported statement of law to which no response is required.  To the**

extent a response is required, Defendant denies these allegations as untrue.

15.   As a result of Plaintiff's complaints of race discrimination, Defendant began a smear campaign against Plaintiff by telling Plaintiff's co-workers and others that Plaintiff was a trouble maker.

**Answer 15:   In response to this paragraph, Defendant denies these allegations as untrue.**

16.   Plaintiff's complaints of racial discrimination and dissention within the Lansing Fire Department were matters of public concern.

**Answer 16:   In response to this paragraph, these allegations contain a purported statement of law to which no response is required.   To the extent a response is required, Defendant denies these allegations as untrue.**

17.   On or about March 14, 2017 Plaintiff arrived at Station 1 for work and relieved Firefighter Potter who gave him a report on the rig.

**Answer 17:  In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

18.   Plaintiff and Firefighter Scott ("Scott") had training that day so they discussed going to Station 9 to pick up their books for the training when

Chief Deprez told them not to make a special trip to Station 9 and just pick up their books on the way to training.

**Answer 18:  In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

19.    Shortly after speaking with Chief Deprez they received a call.

**Answer 19:  In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

20.    As Plaintiff was getting into the rig to go on the run, he noticed a banana pinned between the windshield and wiper blade obviously placed there to harass and intimidate Plaintiff and Scott as African-Americans.

**Answer 20:  In response to this paragraph, Defendant does not contest that there was a banana on the rig but denies the remaining allegations as untrue.**

21.    At about the same time Plaintiff noticed the banana, Chief Deprez stated to him "you know you got a banana on your windshield?"

**Answer 21:  In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

7

22.    Plaintiff, despite being upset about finding a banana on his windshield and Scott went on the call, stopped at Station 9, which was close to the hospital on the run, to pick up their books and returned to Station 1.

**Answer 22:  In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

23.    During the run and trip to Station 9 Plaintiff and Scott discussed who they would file the complaint with regarding the banana.

**Answer 23:  In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

24.    Scott also indicated he was upset and wanted to file a complaint.

**Answer 24:  In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

25.    Plaintiff and Scott decided they would file the report/complaint for racial discrimination for the banana intentionally being left on their windshield to harass and intimidate them as African-Americans with Captain Johnson.

**Answer 25: In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

26.     Upon returning to Station 1 Plaintiff and Scott were immediately confronted about going to Station 9.

**Answer 26: In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

27.     Plaintiff and Scott reported that Chief Deprez told them not to go to Station 9 at that time and not to make a special trip so they stopped by Station 9 after their run which was close to the station.

**Answer 27: In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

28.     It was apparent that Chief Deprez was using the trip to Station 9 as a distraction, rather than deal with the far more serious issue of the banana on the windshield.

**Answer 28: In response to this paragraph, Defendant denies these allegations as untrue.**

9

29.   Plaintiff tried to file a complaint for racial discrimination, but Chief Deprez kept focusing on him and Scott going to Station 9.

**Answer 29:   In response to this paragraph, Defendant denies these allegations as untrue.**

30.   Plaintiff told her he wanted the incident investigated and left upset because he felt like they were trying to intimidate him from filing a formal written complaint of racial discrimination.

**Answer 30:   In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

31.   Plaintiff was so upset and distraught that after complaining of racial discrimination for almost three years that the working conditions were actually becoming more offensive and hostile to the point where member(s) of the Department would put a banana on his windshield.

**Answer 31:   In response to this paragraph, Defendant denies these allegations as untrue.**

32.   Captain Johnson recognized how upset and traumatized Plaintiff was and allowed him to go home.

**Answer 32:   In response to this paragraph, Defendant denies these allegations as untrue.**

33.     Plaintiff went and sought medical leave for his stress, anxiety and depression due to the racial discrimination at work.

**Answer 33:  With respect to Plaintiff's representations of his condition, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.  Plaintiff's allegations of racial discrimination are denied as untrue.**

34.     On or about March 15, 2017 Plaintiff went to Human Resources ("HR") to inquire about filing a written complaint for racial discrimination and he also met with his Union President, Eric Webber about filing a complaint for racial discrimination.

**Answer 34:  With respect to Plaintiff's representations of his condition, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.  Plaintiff's allegations of racial discrimination are denied as untrue.**

35.     On or about March 20, 2017 Plaintiff had a meeting with Chief Talifarro to discuss racial discrimination in the Department.

**Answer 35:  With respect to Plaintiff's representations of his intention, Defendant presently lacks information or knowledge sufficient to form a**

belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.   Plaintiff's allegations of racial discrimination are denied as untrue.

36.   On or about March 21, 2017 Plaintiff saw the EAP counselor for his complaint of stress, anxiety and depression due to the racial discrimination he was experiencing at work.

**Answer 36:  With respect to Plaintiff's representations of his condition, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.   Plaintiff's allegations of racial discrimination are denied as untrue.**

37.   On about March 23, 2017 Plaintiff engaged in a protected activity under the First Amendment of the United States Constitution by filing a formal complaint with HR for race discrimination and harassment claiming that he was being subjected to a hostile work environment due to his race.

**Answer 37:  In response to this paragraph, these allegations contain a purported statement of law to which no response is required.   To the extent a response is required, Defendant admits only that Plaintiff filed a complaint with Human Resources.  The complaint speaks for itself.**

38.     Upon making his claims of racial discrimination under 42 U.S.C. §1983, the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983, Title VII, 42 U.S.C. §1981 and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et. seq*. Plaintiff was discouraged from making the complaints and asked "are you sure you want to do this."

**Answer 38: In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

39.     In April, 2017 Plaintiff engaged in a protected activity under the First Amendment of the United States Constitution, Title VII, 42 U.S.C. §1981 and the Elliott-Larsen Civil Rights Act and filed a Charge of Discrimination with the EEOC for discrimination based on race and retaliation.

**Answer 39: In response to this paragraph, these allegations contain a purported statement of law to which no response is required. To the extent a response is required, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

40.     On or about April 17, 2017 Plaintiff's FMLA leave was approved.

**Answer 40:   In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

41.   In May 2017 Plaintiff's FMLA leave was transitioned to paid Administrative leave as Defendant began to recognize the validity of Plaintiff's complaints.

**Answer 41:   In response to this paragraph, Defendant denies these allegations as untrue.**

42.   On June 6, 2017 the EEOC issued a Right to Sue letter.

**ANSWER 42:   In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

43.   On or about June 13, 2017 Plaintiff had a meeting with employees, agents and representatives of Defendant, including Sue Graham, Mary Riley, Chief Talifarro and Chief Jenkins where he was told by them "we have issues" with racism within the Department.

**ANSWER 43:   In response to this paragraph, Defendant does not contest that Plaintiff met with agents and representatives of Defendant, but deny as untrue the alleged statement attributed to Defendant.**

44.     Defendant pressed upon Plaintiff that it was doing what it could to address the racism within the Department and invited Plaintiff's input into solving the problem.

**ANSWER 44:  In response to this paragraph, Defendant denies the allegations as untrue.**

45.     Plaintiff whose only real objective was to work in a harassment free environment was satisfied that Defendant was at least trying to do the right thing and stop the harassment so he let the Right to Sue letter expire without filing a Complaint.

**ANSWER 45:  In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

46.     Between June 2017 and September 2017 Plaintiff had multiple meetings with representatives and officials of Defendant, including members of HR to discuss ways to address the race problem within the Department.

**ANSWER 46:  In response to this paragraph, Defendant does not deny that Plaintiff had several meetings with representatives and officials of Defendant, but denies as untrue that there was a "race problem within the Department" and further denies as untrue that the multiple meetings were for any such purpose.**

47.    On January 1, 2018 the new mayor of Lansing took office and it was apparent that addressing the Department's ongoing race problem was not a priority.

**ANSWER 47:  Defendant admits only that a new mayor took office on January 1, 2018.  Defendant denies as untrue an "ongoing race problem."**

48.    In February, 2018 Plaintiff received a letter from Defendant warning that his paid Administrative leave was about to end despite no solution to the race problems within the Department.

**ANSWER 48:  In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs. In further response, defendant denies as untrue that there were "race problems" within the department and further denies as untrue that the two events alleged in this paragraph are related.**

49.    On March 16, 2018 Plaintiff returned to work and immediately became a target for racial discrimination, harassment and retaliation.

**ANSWER 49:  In response to this paragraph, Defendant denies these allegations as untrue.**

50.    From April 2, 2018 to September 12, 2018 Plaintiff received five (5) unwarranted disciplinary actions in which his accuser's falsified facts, lied

and conspired to have him receive disciplinary action due to his exercising his First Amendment right to Freedom of Speech and filing multiple complaints of race discrimination with the Department and other governmental agencies.

**ANSWER 50:  In response to this paragraph, these allegations contain a purported statement of law to which no response is required.   To the extent a response is required, Defendant denies these allegations as untrue.**

51.    On September 12, 2018 after receiving the fifth disciplinary action Plaintiff went on FMLA leave due to mental and emotional problems, including stress, anxiety and depression.

**ANSWER 51:  In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

52.    On or about October 3, 2018 Plaintiff filed a second Charge of Discrimination based on race and retaliation for the actions of Defendant not included in the initial Charge of Discrimination, including the five (5) disciplinary actions between April 2, 2018 and September 12, 2018 that were based on false facts and malicious lies intentionally designed to cause disciplinary problems for Plaintiff.

**ANSWER 52:  With respect to Plaintiff's representations or perceptions, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.   Plaintiff's allegations of racial discrimination are denied as untrue.**

53.    In December, 2018 Plaintiff exhausted his FMLA and was placed on the non-pay roster until he returned to work on light duty on January 7, 2019.

**ANSWER 53:  In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

54.    During the time period in question, Defendant, Lansing was Plaintiff's employer and Plaintiff was its employee within the meaning of the FMLA.

**ANSWER 54:  This paragraph contains a statement of law to which no response is required. To the extent that a response is required, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

55.    Defendant is responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

**ANSWER 55:  This paragraph contains a statement of law to which no response is required. To the extent a response is required, Defendant denies as untrue that plaintiff has set forth a complete/accurate statement of said law.**

56.    Defendants, through their agents, representatives and employees, were predisposed to harass, discriminate and retaliate against Plaintiff on the basis of his race and acted in accordance with that predisposition.

**ANSWER 56:  In response to this paragraph, Defendant denies these allegations as untrue.**

57.    Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

**ANSWER 57:  In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.  In further response, any actions taken by defendant were based on legitimate, non-discriminatory, non-retaliatory factors and the sound business judgment for the operation of the City.**

58.   During the time period in question, Defendant, Lansing is a governmental agency and Plaintiff's employer and Plaintiff is its employee within the meaning of the First Amendment of the United States Constitution and 42 U.S.C. §1983, the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983, 42 U.S.C. §1981, the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, et seq., and Title VII.

**ANSWER 58:  In response to this paragraph, these allegations contain a purported statement of law to which no response is required.  To the extent a response is required, Defendant does not contest these allegations.**

59.   Morever, Defendant, Lansing is responsible for all acts committed by their agents, representatives and employees, who were at all times acting under color of law and within the scope of their employment/official positions.

**ANSWER 59:  In response to this paragraph, these allegations contain a purported statement of law to which no response is required.  To the extent a response is required, Defendant denies that this is a complete and/or accurate statement of law.**

60.   Defendant, through its agents, representatives and employees, were predisposed to harass and discriminate against Plaintiff on the basis of

his disability, his rights under the United States Constitution and acted in accordance with that predisposition.

**ANSWER 60:      In response to this paragraph, Defendant denies this allegation as untrue.**

61.    Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

**ANSWER 61:      In response to this paragraph, Defendant denies this allegation as untrue.**

62.    Plaintiff has also sustained damages due to Defendants' violations of the First Amendment of the United States Constitution and 42 U.S.C. §1983, the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983, t42 U.S.C. §1981, the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq.*, and Title VI.

**ANSWER 62:      In response to this paragraph, Defendant denies this allegation as untrue.**

63.    Defendant's customs, policies and procedures that disabled workers, including Plaintiff are not to be accommodated and that workplace accommodations are not available to disabled employees and veterans are clearly in violation of the First Amendment of the United States Constitution and 42 U.S.C. §1983, the Fourteenth Amendment of the United States

Constitution and 42 U.S.C. §1983, 42 U.S.C. §1981, the Michigan Elliott–Larsen Civil Rights Act, MCLA §37.2101, *et seq.*, and Title VII. and have been committed an especially malicious or reckless act of discrimination that Plaintiff is entitled to punitive damages under 42 U.S.C. §1983, 42 U.S.C. and the Title VII

**ANSWER 63:    In response to this paragraph, Defendant denies this allegation as untrue.**

**COUNT I**
**[ALLEGED] RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964**

64.    Plaintiff incorporates by reference paragraphs 1 through 63 of the Complaint as though fully set forth herein.

**ANSWER 64:  Defendant incorporates by reference its responses to the preceding paragraphs as set forth fully herein.**

65.    Plaintiff belongs to a protected class as an African American.

**ANSWER 65:  In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

66.    Plaintiff was subjected to unwelcome communication and conduct due to his race, including but not limited to:

a. Having a banana placed on the windshield of his rig for him to find;

b. Being treated more harshly by members of management of the Defendant, City of Lansing;

c. Being singled out as an African-American by co-workers who told him "we shouldn't be hiring EMS" and "we shouldn't be hiring untrained" which was their way to say "we shouldn't be hiring blacks" because all of the EMS and untrained were African-American.

**ANSWER 66:   In response to this paragraph, Defendant denies these allegations as untrue.**

67.   The unwelcome conduct and communication was intended to and did substantially interfere with Plaintiff's employment and created an intimidating, hostile, or offensive work environment.

**ANSWER 67:   In response to this paragraph, these allegations contain a purported statement of law to which no response is required.   To the extent a response is required, Defendant denies these allegations as untrue.**

68.   Pursuant to Title VII of Civil Rights Acts of 1964, Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation from his employer based upon his race.

**ANSWER 68:  In response to this paragraph, these allegations contain a purported statement of law to which no response is required.  To the extent a response is required, Defendant denies as untrue the allegations of wrongdoing suggested by this paragraph.**

69.    Plaintiff's race was a factor in Defendants' actions, treatment, conduct and attitude towards Plaintiff.

**ANSWER 69:  These allegations are denied as untrue.**

70.    Defendant is Plaintiff's employer within the meaning of Title VII of Civil Rights Acts of 1964.

**ANSWER 70:  In response to this paragraph, these allegations contain a purported statement of law to which no response is required.  To the extent a response is required, Defendant does not contest this allegation.**

71.    Plaintiff was subjected to repeated and continuous discriminatory treatment based upon his race by Defendant, their employees, representatives and agents including to being subjected to adverse employment action to the point where he was required to work in a hostile work environment and suspended without pay.

**ANSWER 71: in response to this paragraph, Defendant denies these allegations as untrue.**

72.    Plaintiff is entitled to exemplary and compensatory damages pursuant to Title VII of Civil Rights Acts of 1964 as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

ANSWER 72:    **In response to this paragraph, Defendant denies these allegations as untrue.**

73.    Defendant, their agents, employees and representatives created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's race by reason of the following acts and/or omissions:

a.    Violating the laws against discrimination by engaging in racial discrimination in the workplace;

b.    Imposing discipline based on race;

c.    Preventing Plaintiff form having full and fair opportunities to advance in her [sic] position based upon her [sic] race; and

d.    Creating a hostile work environment for Plaintiff by discriminating against her [sic], harassing her [sic], and retaliating against her [sic] due to her [sic] race.

**ANSWER 73: In response to this paragraph, Defendant denies these allegations as untrue.**

74.    Defendant owed Plaintiff as an African-American employee, a duty to adequately advise their employees, agents and representatives to refrain from discriminating against employees.

**ANSWER 74: In response to this paragraph, these allegations contain a purported statement of law to which no response is required.   To the extent a response is required, Defendant admits only those duties required by law.**

75.     Defendant owed Plaintiff as an African-American, a duty to refrain from discriminating against her [sic], harassing her [sic] and treating her [sic] differently as a direct result of his race.

**ANSWER 75: In response to this paragraph, these allegations contain a purported statement of law to which no response is required.   To the extent a response is required, Defendant admits only those duties required by law.**

76.     Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

        a.    Failing to screen and place in supervisory positions, persons who would be capable of being competent and law abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

        b.    Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

        c.    Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

      d.     Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

**ANSWER 76:  In response to this paragraph, Defendant denies these allegations as untrue.**

77.   As a direct and proximate result of the action of Defendant, Plaintiff was the subject of discriminatory conduct on the part of defendant and their agents, representatives and employees.

**ANSWER 77: In response to this paragraph, Defendant denies these allegations as untrue.**

78.   Because of the unlawful conduct of Defendant, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

**ANSWER 78:  In response to this paragraph, Defendant denies these allegations as untrue.**

WHEREFORE, Defendants respectfully request that this Honorable Court find no cause for action.

## COUNT II [ALLEGED] VIOLATION OF 42 USC 1983 VIOLATIONS OF PLAINTIFF'S FIRST AMENDMENT RIGHTS-FREEDOM OF SPEECH

79.     Plaintiffs incorporate by reference paragraphs 1 through 78 of the Complaint as though fully set forth herein.

**ANSWER 79:  Defendant incorporates by reference its responses to the preceding paragraphs as set forth fully herein.**

80.     At all times relevant, Defendant, Lansing pursuant to the rules, policies and procedures of Defendant, Lansing.

**ANSWER 80:  Defendant is unable to respond to this paragraph.**

81.     Freedom of Speech constitutes the core of those activities protected by the First Amendment of the United States Constitution.

**ANSWER 81:  In response to this paragraph, these allegations state a purported statement of law to which no response is required.  To the extent a response is required, Defendant does not contest this allegation.**

82.     Throughout his employment with Lansing Plaintiff exercised his First Amendment right to freedom of Speech, including comments made to Defendants regarding his race and Defendants failure to accommodate him, comments made to the EEOC and comments made during investigations by the EEOC that Defendants refused to comply with state and federal laws were

not only personal concerns to Plaintiff they were matters of public concern both of which are protected by the First Amendment.

**ANSWER 82:   In response to this paragraph, these allegations state a purported statement of law to which no response is required.   To the extent a response is required, Defendant denies as untrue the allegations of wrongdoing suggested by this paragraph and further deny the allegations as untrue in the form and manner pled.**

83.   Plaintiff's complaints of racial discrimination and dissention within the Lansing Fire Department were matters of public concern.

**ANSWER 83:   In response to this paragraph, these allegations state a purported statement of law to which no response is required.   To the extent a response is required, Defendant denies as untrue the allegations of wrongdoing suggested by this paragraph.**

84.   Defendants took adverse employment action against Plaintiff by suspending him and for his exercise of free speech.

**ANSWER 84:   In response to this paragraph, Defendant denies these allegations as untrue.**

85.   Defendant's refusal to comply with state and federal laws ere matters of public concern which are protected by the First Amendment.

**ANSWER 85: In response to this paragraph, these allegations state a purported statement of law to which no response is required. To the extent a response is required, Defendant denies as untrue the allegations of wrongdoing suggested by this paragraph.**

86. 42 U.S.C. §1983 provides a federal cause of action against any person who, acting under color of state law, deprives another person of any constitutional or federal statutory rights, including Plaintiff's right to freedom of speech.

**ANSWER 86: In response to this paragraph, these allegations state a purported statement of law to which no response is required. To the extent a response is required, Defendant denies as untrue the allegations of wrongdoing suggested by this paragraph.**

87. Pursuant to 42 U.S.C. §1983, Defendants violated Plaintiff's First Amendment right to free speech by suspending him and terminating him, due to his exercise of his First Amendment rights on matters of public concern.

**ANSWER 87: In response to this paragraph, Defendant denies these allegations as untrue.**

88. Lansing acted under codes of law specifically customs, policies and practice of prohibiting employees of Lansing from engaging in protected

speech, and took adverse employment action in violation of Plaintiff's First Amendment rights to free speech.

**ANSWER 88:** **In response to this paragraph, Defendant denies these allegations as untrue.**

89. Defendant acted under codes of law specifically customs, policies and practice of prohibiting employees of the Lansing from engaging in protected speech, and took adverse employment action in violation of Plaintiff's First Amendment rights to free speech.

**ANSWER 89:** **In response to this paragraph, Defendant denies these allegations as untrue.**

90. As a result of Defendants' violation of Plaintiff's well established rights under the United States Constitution, made applicable to the Defendants' through 42 U.S.C. §1983, Plaintiff sustained damages including, but not necessarily limited to, economic damages including loss of back pay, loss of front pay, loss of benefits, loss of seniority, loss of opportunity for advancement, loss of pension and other benefits, non-economic damages including, but not necessarily limited to, emotional distress, loss of self-esteem, outrage, mental anguish, anxiety, humiliation, embarrassment, all resulting in physical symptoms. Further, the nature of Defendants' conduct entitles Plaintiff to exemplary and/or punitive damages.

**ANSWER 90: In response to this paragraph, Defendant denies these allegations as untrue.**

WHEREFORE, Defendants respectfully request this Honorable Court find no cause for action.

### COUNT III [ALLEGED] VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, 42 USC §1983

91. Plaintiff incorporates by reference paragraphs 1 through 90 of the Complaint as though fully set forth herein.

**ANSWER 91: Defendant incorporates by reference its responses to the preceding paragraphs as set forth fully herein.**

92. During his employment with Lansing Plaintiff has been protected under the equal protection provision of the Fourteenth Amendment.

**ANSWER 92: In response to this paragraph, these allegations contain a purported statement of law to which no response is required. To the extent that a response is required, Defendant does not contest these allegations.**

93. It is Defendant, Lansing's custom, policy and procedure to subject African-American employees to adverse employment actions and demand they work in hostile and offensive work environments due to their race. And

deprive them of rights under 42 U.S.C. §1981, the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, et seq., and Title VII.

**ANSWER 93: In response to this paragraph, Defendant denies these allegations as untrue.**

94. 42 U.S.C. §1983 provides a federal cause of action against any person who, acting under color of state law, deprives another person of any constitutional or federal statutory rights, including rights under the 42 U.S.C. §1981, the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, et seq., and Title VII.

**ANSWER 94: In response to this paragraph, these allegations contain a purported statement of law to which no response is required. To the extent that a response is required, Defendant denies as untrue that this is a complete statement of law and further denies as untrue the allegations of wrongdoing suggested by this paragraph.**

95. Defendant's policies regarding disabled veterans violated Plaintiff's rights under the equal protection clause of the Fourteenth Amendment, which prohibits the "deprivation of any rights, privileges, or immunities" by a state or local government and its officials.

**ANSWER 95: In response to this paragraph, Defendant denies these allegations as untrue.**

96. Pursuant to 42 U.S.C. 1983, Defendants violated Plaintiff's Fourteenth Amendment rights to equal protection by denying Plaintiff substantive rights under 42 U.S.C. §1981, the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, et seq., and Title VII. to his race.

**ANSWER 96: In response to this paragraph, Defendant denies these allegations as untrue.**

97. Defendant, City of Lansing acted under customs, policies and practice of prohibiting employees from accommodating disabled employees, including Plaintiff's equal protection under the Fourteenth Amendment of the United States Constitution.

**ANSWER 97: In response to this paragraph, Defendant denies these allegations as untrue.**

98. As a result of Defendant's violation of Plaintiff's well established rights under the United States Constitution, made applicable to the Defendants through 42 U.S.C. § 1983, Plaintiff sustained damages including, but not necessarily limited to, economic damages including loss of back pay, loss of front pay, loss of benefits, loss of seniority, loss of opportunity for advancement, loss of pension and other benefits, non-economic damages including, but not necessarily limited to, emotional distress, loss of self-esteem, outrage, mental anguish, anxiety, humiliation, embarrassment, all

resulting in physical symptoms. Further, the nature of Defendants' conduct entitles Plaintiff to exemplary and/or punitive damages.

**ANSWER 98: In response to this paragraph, Defendant denies these allegations as untrue.**

WHEREFORE, Defendants respectfully request this Honorable Court find no cause for action.

## COUNT V [ALLEGED]
## RACIAL DISCRIMINATION AND HARASSMENT IN VIOLATION OF 42 U.S.C. §1981

99. Plaintiff incorporates by reference paragraphs 1 through 98 of the Complaint as though fully set forth herein.

**ANSWER 99: Defendant incorporates by reference its responses to the preceding paragraphs as set forth fully herein.**

100. Plaintiff belongs to a protected class as an African American.

**ANSWER 100: In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

101. Plaintiff was subjected to unwelcome communication and conduct due to his race.

**ANSWER 101:   In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

102.   The racially charged conduct towards Plaintiff was unwelcome.

**ANSWER 102:   In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

103.   Defendant's conduct was intentional and motivated by Plaintiff's race as an African-American.

**ANSWER 103:   In response to this paragraph, Defendant denies these allegations as untrue.**

104.   The conduct was so severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

**ANSWER 104:   In response to this paragraph, Defendant denies these allegations as untrue.**

105.   Plaintiff believed his work environment to hostile and abusive as a direct result of Defendant's conduct.

**ANSWER 105:   In response to this paragraph, with regard to Plaintiff's belief, Defendant presently lacks information or knowledge sufficient to**

**form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.   With regard to the remaining allegations, Defendant denies same as untrue.**

106.   Plaintiff suffered adverse tangible employment actions as a result of the hostile work environment.

**ANSWER 106:   In response to this paragraph, Defendant denies these allegations as untrue.**

107.   The   ongoing   and   continuing   unwelcome   conduct   and communication was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff and Plaintiff was ultimately suspended due to his race.

**ANSWER 107:   In response to this paragraph, Defendant denies these allegations as untrue.**

108.   Pursuant to 42 U.S.C. §1981 Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation, including suspension from his employer and/or supervisors based upon his race.

**ANSWER 108:   This paragraph contains a purported statement of law to which no response is required.   To the extent a response is required,**

**defendant denies as untrue that what is set forth is a complete/accurate statement of law.   Defendant denies as untrue any allegations of wrongdoing suggested by this paragraph.**

109.  Plaintiff's race was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

**ANSWER 109:  In response to this paragraph, Defendant denies these allegations as untrue.**

110.  Plaintiff was subjected to repeated and continuous discriminatory treatment, up to and including suspension based upon his race by Defendant, to the point where his status as an employee has been detrimentally affected by Defendant and Plaintiff has been subjected to work in a hostile work environment.

**ANSWER 110:  In response to this paragraph, Defendant denies these allegations as untrue.**

111.  Plaintiff is entitled to punitive, exemplary and compensatory damages pursuant to 42 U.S.C. §1981 as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

**ANSWER 111:  In response to this paragraph, Defendant denies these allegations as untrue.**

112.   Because of the unlawful conduct of Defendants, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

**ANSWER 112:   In response to this paragraph, Defendant denies these allegations as untrue.**

WHEREFORE, Defendants respectfully request this Honorable Court find no cause for action.

**COUNT V**
**[ALLEGED] RACIAL DISCRIMINATION AND HARASSMENT IN VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA 37.2201, _et seq_**

113.   Plaintiff incorporates by reference paragraphs 1 through 112 of the Complaint as though fully set forth herein.

**ANSWER 113:   Defendant incorporates by reference its responses to the preceding paragraphs as set forth fully herein.**

114.   Plaintiff belongs to a protected class as an African American.

**ANSWER 114:   In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

115. Plaintiff was subjected to unwelcome communication and conduct.

**ANSWER 115: In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

116. The ongoing and continuing unwelcome conduct and communication was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff and Plaintiff was ultimately suspended due to his race.

**ANSWER 116: In response to this paragraph, Defendant denies these allegations as untrue.**

117. Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation, including suspension from his employer and/or supervisors based upon his race.

**ANSWER 117: This paragraph contains a purported statement of law to which no response is required. To the extent a response is required, defendant denies as untrue that what is set forth is a complete/accurate**

**statement of law. Defendant denies as untrue any allegations of wrongdoing suggested by this paragraph.**

118. Plaintiff's race was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

**ANSWER 118:  In response to this paragraph, Defendant denies these allegations as untrue.**

119. Plaintiff was subjected to repeated and continuous discriminatory treatment, up to and including suspension based upon his race by Defendant, to the point where his status as an employee has been detrimentally affected by Defendant and Plaintiff has been subjected to work in a hostile work environment.

**ANSWER 119:  In response to this paragraph, Defendant denies these allegations as untrue.**

120. Plaintiff is entitled to exemplary and compensatory damages pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

**ANSWER 120:  In response to this paragraph, Defendant denies these allegations as untrue.**

41

121.   Defendants created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's race by reason of the following acts and/or omissions:

> a. Violating the laws against discrimination by engaging in racial discrimination in the workplace;
>
> b. Imposing discipline based on race;
>
> c. Taking adverse employment action against Plaintiff based upon his race;
>
> d. Preventing Plaintiff from having full and fair opportunities to advance in his position based upon his race; and
>
> e. Creating a hostile work environment for Plaintiff by discriminating against him, harassing him, and retaliating against him due to his race.

**ANSWER 121:  In response to this paragraph, Defendant denies these allegations as untrue.**

122.   Defendants owed Plaintiff as an African-American employee, a duty to refrain from discriminating against employees.

**ANSWER 122:  This paragraph contains a purported statement of law to which no response is required.  To the extent a response is required, defendant denies as untrue that what is set forth is a complete/accurate statement of law.  Defendant denies as untrue any allegations of wrongdoing suggested by this paragraph.**

123. Defendants owed Plaintiff as an African-American, a duty to refrain from discriminating against him, harassing him and treating him differently as a direct result of his race.

**ANSWER 123: This paragraph contains a purported statement of law to which no response is required. To the extent a response is required, defendant denies as untrue that what is set forth is a complete/accurate statement of law. Defendant denies as untrue any allegations of wrongdoing suggested by this paragraph.**

124. Defendants breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

   a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

   b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

   c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

   d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

**ANSWER 124: In response to this paragraph, Defendant denies these allegations as untrue.**

125. As a direct and proximate result of the actions of Defendants, Plaintiff was the subject of discriminatory conduct on the part of Defendants.

**ANSWER 125: In response to this paragraph, Defendant denies these allegations as untrue.**

126. Because of the unlawful conduct of Defendants, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

**ANSWER 126: In response to this paragraph, Defendant denies these allegations as untrue.**

WHEREFORE, Defendants respectfully request this Honorable Court find no cause for action.

## COUNT IV
## [ALLEGED] RETALIATION

127. Plaintiff incorporates by reference paragraphs 1 through 126 of the Complaint as though fully set forth herein.

**ANSWER 127:  Defendant incorporates by reference its responses to the preceding paragraphs as set forth fully herein.**

128.  Pursuant to 42 U.S.C. 1981, §Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*, Plaintiff is guaranteed the right to be free from discrimination from his employer and/or supervisors based upon his race.

**ANSWER 128:  This paragraph contains a purported statement of law to which no response is required.  To the extent a response is required, defendant denies as untrue that what is set forth is a complete/accurate statement of law.  Defendant denies as untrue any allegations of wrongdoing suggested by this paragraph.**

129.  Plaintiff's race was a factor in Defendant's employment decisions.

**ANSWER 129:  Denied as untrue.**

130.  Defendant was Plaintiff's employer within the meaning of 42 U.S.C. 1981, Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

**ANSWER 130:  This paragraph contains a purported statement of law to which no response is required.  To the extent a response is required, defendant denies as untrue that what is set forth is a complete/accurate statement of law.**

131. During the course of his employment with Defendant, Plaintiff was subjected to constant unwelcome racial discrimination creating a hostile work environment by Defendant.

**ANSWER 131:  In response to this paragraph, Defendant denies these allegations as untrue.**

132.  The racial discrimination created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

**ANSWER 132:  In response to this paragraph, Defendant denies these allegations as untrue.**

133.  Plaintiff complained to upper management of Defendant that he was being discriminated against due to his race and that he was being subjected to a hostile work environment.

**ANSWER 133:  In response to this paragraph, Defendant presently lacks information or knowledge sufficient to form a belief as to the truth of these allegations and leaves Plaintiff to his strict proofs.**

134.  Defendant had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

**ANSWER 134:  In response to this paragraph, Defendant denies these allegations as untrue.**

135.  Despite having notice of the racial discrimination and conduct toward Plaintiff, Defendant failed to take any remedial action, but instead took adverse employment action against Plaintiff based upon his race and in retaliation for his complaints of racial discrimination.

**ANSWER 135:  In response to this paragraph, Defendant denies these allegations as untrue.**

136. The racial discrimination and conduct by Defendant and Defendant's failure to take any remedial action violate 42 U.S.C. 1981, Title VII and the Michigan Elliott- Larsen Civil Rights Act, MCL 37.2101 *et seq*.

**ANSWER 136:  In response to this paragraph, Defendant denies these allegations as untrue.**

137.  As a proximate result of the Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish,   fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

**ANSWER 137:   In response to this paragraph, Defendant denies these allegations as untrue.**

WHEREFORE, Defendants respectfully request that this Honorable Court find no cause for action.

Respectfully submitted,

**PLUNKETT COONEY**

By**/ s/Rhonda R. Stowers**
RHONDA R. STOWERS (P64083)
Attorneys for Defendant
111 E. Court Street – Suite 1B
Flint, MI  48502
(810) 342-7003
rstowers@plunkettcooney.com

Dated:  June 19, 2019

## RELIANCE ON JURY DEMAND

NOW COMES, Defendant, The City of Lansing, by and through its attorneys, Plunkett Cooney, and hereby relies on the Jury Demand filed in this matter.

Respectfully submitted,

**PLUNKETT COONEY**

By**/ s/Rhonda R. Stowers**
RHONDA R. STOWERS (P64083)
Attorneys for Defendant
Plaza One Financial Center

111 E. Court Street – Suite 1B
Flint, MI 48502
(810) 342-7003
Dated: June 19, 2019                    rstowers@plunkettcooney.com

## **AFFIRMATIVE DEFENSES**

NOW COMES, Defendant, The City of Lansing, by and through its
attorneys, Plunkett Cooney, and hereby states the following as its Affirmative
Defenses:

1.    Plaintiff has failed to state a claim upon which relief can be
granted.

2.    The proximate cause of any and all injuries suffered by plaintiff is
the result of the negligence/conduct of persons and/or entities other than the
Defendant herein.

3.    The voluntary misconduct for performance and/or non-
compliance of the Plaintiff is the proximate cause of the injuries sustained, if
any.

4.    Plaintiff was treated in the same manner as other employees
under similar circumstance.

5.    To the extent applicable, Defendant may be entitled to
governmental immunity pursuant to MCL 691.1407 *et. seq.*

6.     Plaintiff's claims are barred for the reason that Defendant's actions were based on legitimate, non-discriminatory, non-retaliatory factors and business judgment for the operation of the City of Lansing and were taken in good faith.

7.     Plaintiff may have failed to mitigate his damages.   Defendant reserves the right to conduct discovery on this issue.

8.     Plaintiff was not engaged in "protected activity" as required by the First Amendment.

9.     There is no causal connection between the alleged protected activity and the actions taken by Defendant.

10.     Defendant would have taken the same actions regardless of any status and/or complaint by Plaintiff.

11.     Plaintiff's claims may be barred to the extent that Plaintiff may have failed to exhaust his administrative remedies.

12.     The employment decisions made by Defendant with regard to Plaintiff were based on sound legitimate business judgment and based on the performance/non-compliance and misconduct by Plaintiff.

13.     Plaintiff's action may be barred by the applicable statutes of limitation.

14.     Defendant reserves the right to amend its Affirmative Defenses as same become known through the course of discovery.

Respectfully submitted,

**PLUNKETT COONEY**

By*/ s/Rhonda R. Stowers*
RHONDA R. STOWERS (P64083)
Attorneys for Defendant
Plaza One Financial Center
111 E. Court Street – Suite 1B
Flint, MI  48502
(810) 342-7003
rstowers@plunkettcooney.com

Dated: June 19, 2019

## CERTIFICATE OF SERVICE

Rhonda R. Stowers hereby certifies that on the 19th day of June, 2019, she caused to be served a copy of DEFENDANTS ANSWER TO SECOND AMENDED COMPLAINT, RELIANCE ON JURY DEMAND, AFFIRMATIVE DEFENSES AND CERTIFICATE OF SERVICE via CM/ECF electronic filing with the United States District Court for the Western District of Michigan, Southern Division, which will provide electronic notice of this filing to counsel of record.

*/s/ Rhonda R. Stowers*
RHONDA R. STOWERS

Open.19668.90382.22295209-1