MICHAEL LYNN,

    Plaintiff,

                                       Case No. 1:19-cv-00039

v.

                                       Hon. Paul L. Maloney

CITY OF LANSING,

    Defendant.

| | |
|---|---|
| Batey Law Firm, PLLC<br>SCOTT P. BATEY (P54711)<br>Attorney for Plaintiff<br>30200 Telegraph Road, Suite 400<br>Bingham Farms, MI 48025<br>(248) 540-6800-telephone<br>(248) 540-6814-fax<br>sbatey@bateylaw.com | Plunkett Cooney<br>RHONDA STOWERS (P64083)<br>Attorney for Defendant<br>Plaza One Financial Center<br>111 E. Court Street, Suite 1B<br>Flint, MI 48502<br>(810) 342-7003-telephone<br>(810) 232-3159-fax<br>rstowers@plunkettcooney.com<br><br>City of Lansing<br>AMANDA KATHRYN O'BOYLE (P81925)<br>124 W. Michigan Avenue, 5th Floor<br>Lansing, MI 48933<br>aoboyle@lansingmi.gov |

## VERDICT FORM

We, the jury, make the following answers to the questions submitted by the Court:

### Hostile Work Environment

**1. Was plaintiff subjected to a hostile work environment based on race in violation of Title VII after June 6, 2017 and later?**

        Yes \_\_\_\_\_  No \_\_\_\_\_

        (Go to the next question)

**2. Was plaintiff subjected to a hostile work environment based on race in violation of the Elliott-Larsen Civil Rights Act after January 18, 2016?**

    Yes \_\_\_\_\_ No \_\_\_\_\_

    (If you answered yes to either Question 1 or Question 2, continue to Question 3. If you answered no to both Questions, skip to Question 5)

**3. Was defendant legally responsible for a hostile work environment?**

    Yes \_\_\_\_\_ No \_\_\_\_\_

    (If you answered yes, continue to the next Question. If you answered no, skip to Question 5)

**4. Did the plaintiff suffer any damages as a result of being subjected to a hostile work environment based on race?**

    Yes \_\_\_\_\_ No \_\_\_\_\_

    (Go to the next question)

## First Amendment

**5. Did the Defendant, acting under the color of state law, intentionally take adverse action that would deter a person of ordinary firmness from continuing to engage in that speech against the plaintiff?**

    Yes \_\_\_\_\_ No \_\_\_\_\_

    (If you answered yes, continue to the next question. If you answered no, skip to Question 10)

**6.      Was the plaintiff's speech a substantial or motivating factor for the adverse action?**

   Yes _____   No _____

   (If you answered yes, continue to the next question.  If you answered no, skip to Question 10)

**7.      Was the adverse action a proximate cause of damages to plaintiff?**

   Yes _____   No _____

   (If you answered yes, continue to the next question.  If you answered no, skip to Question 10)

**8.      Would the defendant have taken the same action regardless of plaintiff's speech?**

   Yes _____   No _____

   (If you answered yes, continue to the next question.  If you answered no, skip to Question 10)

**9.      Was a custom, policy, regulation or practice of the City of Lansing the proximate cause of retaliatory action taken against the plaintiff?**

   Yes _____   No _____

   (If you answered yes, continue to the next question.  If you answered no, skip to Question 10)

## **Damages**

**10.     (Answer this question only if you answered yes to Question 4; otherwise skip to Question 11)**

**We find Plaintiff's damages for his Hostile Work Environment claims as defined to be:**

$ _____ .

**11.     (Answer this question only if you answered yes to Question 9)**

**We find Plaintiff's damages under his First Amendment retaliation claims as defined to be:**

$ _____ .

 

_____
Jury Foreperson

Dated:_____

Open.18566.90382.29610249-2